CHIEF JUSTICE HARDIN
delivered the opinion op the court.
This was a proceeding in the Fayette County Court, instituted in behalf of the commonwealth, on the information of *557 the agent of the creditor, under the act of February 28, 1862, to compel the appellant to list for taxation a house and lot in the city of Lexington, which he held, subject to the payment of an annual rent, as the owner of a lease originally made by the city, then and since the owner of the legal title, to J. B. Tilford & Co., for a term of ninety-nine years, with a provision for perpetual renewal.
A trial of the case resulted in a judgment for the commonwealth, from which the defendant has appealed to this court.
Although no previous adjudication of the matter involved in this case is even mentioned in the record nor by the counsel in the argument on either side, we find among the manuscript decisions of this court an opinion, rendered on the 14th of January, 1870, reversing a judgment against Wilgus, which seems to involve the same controversy now again brought to this court.
In disposing of it now for the second time we can do no better than to re-announce the following extract from the opinion delivered in the case referred to:
“ Whether or not the lessee is subject to be taxed for said lot and improvements as the owner of real estate, or whether he is liable to be taxed for the value of his lease as personalty, is the real question to be determined, as it does not appear that the house on the lot was built by him or belongs to him as property distinct from the lot.
“An estate for years in land is regarded in law as inferior j to an estate for life or- an inheritance. An estate for life, even if it be per autre vie, is a freehold; but an estate for years,! although it be for a thousand years, is only a chattel, and' reckoned part of the personal estate of the lessee. (2 Blackstone’s Commentaries, side page 143.)
“ The character of the estate determines how or under what head it must be listed for taxation; and as there is no specific head prescribed in the form given by the statute for the tax- *558 book for leases for years, they must be listed under the head of ‘ value under the equalization law ’ in the tax-book.”
To sustain the judgment the attoi'ney - general has' cited the case of Johnson v. Smith (5 Bush). In that case Mrs. Smith, as is distinctly stated in the opinion, took a-life-estate in the house and lot occupied by her under the will of J. I. Jacob; and having a freehold, though not of inheritance, it partook of the character of real estate. She had an interest in the realty, and for that reason, under the peculiar phraseology of the statute which is quoted in the opinion, the tenant for life was made responsible for the tax; and as the estates are essentially different in the two cases, the reason for the conclusion in the one case does not apply to the other. . . As it does not appear that the appellant did not fail to list all his personal estate subject to taxation, the judgment was unauthorized.
Wherefore in this case the judgment is reversed, and the > cause remanded for further proceedings not inconsistent with this opinion.