M. FALER ET AL. v. D. W. McRae.

1. CHATTEL REAL. *Title in administrator. Conveyance by heirs.*
   A lease of land for ninety-nine years is a chattel real, and, upon the death of the lessee, descends to the administrator of his estate; and so long as there is a valid debt against the estate, the heirs and distributees cannot acquire any title to such chattel as against the creditor, and any conveyance thereof by them is ineffectual against such creditor.

2. TAX-TITLE. *Sale by State within period of redemption.*
   Where a tract of land was sold to the State for taxes, in March, 1876, and purchased from the State in December, 1876, by the former owner thereof, such purchase cannot be regarded as a sale by the State, because made within the period allowed for redemption; but it operates as a redemption of the land.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

In April, 1877, Daniel W. McRae brought an action of ejectment against Emanuel Hunter, to recover the possession of a certain tract of land. Hunter was in possession as the tenant of M. Faler and A. Mangold, who, upon their motion, were permitted to defend the action as landlords. A judgment was rendered for the plaintiff, and the defendants sued out a writ of error. The other facts of the case are stated in the opinion of the court.

*Harris & George*, for the plaintiffs in error.

1. When the lien of a judgment has expired, the creditor cannot enforce his judgment against property the title to which has passed from the debtor and rests in his purchaser,

or in the vendee of such purchaser. Code 1857, p. 524, art. 261; *Stephens* v. *Mangum*, 27 Miss. 481; *Mitchell* v. *Wood*, 47 Miss. 231. And lands descended to the heirs of the debtor, and by them sold and conveyed in good faith, are held by the purchaser thereof, free from such judgment.

2. Both the realty and personalty of a decedent's estate are charged with his debts; but, subject to such charge, they descend to the heirs and distributees, who may convey the legal title thereof. 30 Miss. 152; 35 Miss. 155; 23. Miss. 161. The judgment-creditor here cannot claim any benefit of this statutory charge on the property, because he did not proceed in the Probate Court, — the only court in which it could be enforced.

3. McRae's tax-title goes for naught. It was bought before the period for redemption had expired, under the Revenue Act of 1875. The act of April 15, 1876, did not apply to sales made in March, 1876.

*H. B. Mayes*, for the defendant in error.

1. The judgment of McRae was binding on the administratrix, and on the assets in her hands. The land in controversy being an estate for years, a lease for a term, constituted a part of the assets. *Dillingham* v. *Jenkins*, 7 Smed. & M. 486; *Webster* v. *Parker*, 42 Miss. 471. The lien of the judgment had expired, but the right to issue an execution and satisfy the judgment still existed. On the death of McLemore, his title to the property in question vested in his personal representatives, and not in his heirs. This title has not passed from the administratrix, unless to McRae.

2. Under the act of April 15, 1876, any person had the right to enter lands held by the State for taxes; but, if entered within one year from the sale to the State, the entry would be subject to the right of the owner to redeem the land. Laws 1876, p. 153, 154.

Simrall, C. J., delivered the opinion of the court.

Both parties trace title back to McLemore, and deraign his

title to themselves, respectively, through different channels. McLemore, at the time of his death, owned an unexpired lease of ninety-nine years. But a small part of the term had expired when he died. His widow was appointed administratrix in 1860. In May, 1867, McRae recovered judgment against the administratrix. In March, 1875, he became a purchaser at the sheriff's sale under that judgment. In 1875, the land was assessed for taxes to owner unknown, and in March, 1876, was sold to the State for taxes. On the 16th of December, 1876, the State sold and conveyed to McRae. Such was the title of McRae, the plaintiff.

Virginia A. Hester and L. W. McLemore, the heirs of the deceased intestate, sold and conveyed the premises to Morris. Under proceedings in the Chancery Court against Morris, the land was sold, and bought by M. Faler and A. Mangold. The commissioner made a deed; the report of sale was duly confirmed. It was admitted that these several parties were purchasers without notice of McRae's judgment, except such constructive notice as may have been imparted by the record.

Mrs. McLemore, as administratrix, has never made distribution, nor rendered a final account, nor been discharged. She has paid all the debts except plaintiff's judgment.

McRae's judgment was older than the sale by the heirs to Morris. The lien of a judgment operates to defeat any disposition of property made by the debtor. The land, the subject of this suit, for the unexpired lease was a chattel interest, which the law devolved on the administratrix, and not on the heirs. It was assets for administration, personal effects. So long as there was a valid, subsisting debt obligatory on the estate, the distributees could acquire no title to the personal effects, which would have been respected at the expense of creditors. So rigidly has this rule been enforced in this State that a distribution is void against a judgment-creditor, who may, under his judgment and execution, take and sell property in the hands of a distributee. *Van Houten v. Reily*, 6 Smed. & M. 440. The heir or devisee takes land, descended or devised, subject to the charge which the statute

imposes, to pay the debts; nor does the alienation by the heir or devisee discharge or relieve the land from this prior privilege of creditors. It would seem that their rights are not cut off until their respective debts have been barred by the Statute of Limitations. *J. W. Ferguson, Admr.,* v. *J. A. Scott,* 49 Miss. 504–506.

In *Hill, Admr.,* v. *Treat, Admr.,* Sup. Ct. Me. (reported in 5 Reporter, No. 20, 1878), the same result is declared to follow the Maine statute, which holds all a decedent's property for his debts. There, a sale by the administrator defeats feats all testamentary titles, or those of the vendees of the devisees.

It follows, that the sale of the leasehold premises by the heirs and distributees of the intestate was of no effect against McRae's judgment, and that the purchase by him, under his judgment against the administratrix, passed the intestate's title to him. His purchase of the land from the State, in December, 1876, within less than a year after the sale by the tax-collector to the State, and before the expiration of the time allowed for redemption, was unauthorized by law as a sale and conveyance of title, but was effectual as a redemption by him of the land.

The judgment is affirmed.