## CLARA ANN SMITH *v.* PATRICK J. CASSIDY.

TAX TITLE. *Estoppel to purchase.    Purchaser at void sale.    Change of assessment.    Assessed to purchaser.*

A purchaser at a tax sale which is void because the land is not taxable, who causes the assessment on which such sale is made to be changed to himself, and the land is assessed to him on the next new assessment, is estopped to purchase at a subsequent tax sale made on such new assessment.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

The land in controversy belonged to the United States until 1890. It was, however, assessed to an unknown owner on the assessment roll in 1887, and was sold for taxes in 1888, and Cassidy, appellee, became the purchaser. He caused the assessment of 1887 to be changed, substituting his own name as owner on the roll for that of "unknown owner." A new assessment was made in 1891, and the land was then assessed to Cassidy. It did not affirmatively appear who gave in the assessment of 1891, or how the land came to be then assessed to appellee. Cassidy did not pay the taxes of 1891, the land having become taxable for said year, but allowed it to be sold in 1892 for the taxes of 1891, when he again purchased at tax sale. There

having been no redemption from the last sale, the appellee filed his bill in equity to confirm his tax title acquired in 1892. The court below decreed in his favor, and defendant below, who had filed a cross bill to cancel the deed, appealed to the supreme court.

*Chrisman & Brennan*, for appellant.

A purchaser at a tax sale, where he already had an interest in the land, does not acquire title. *McLaughlin* v. *Green*, 48 Miss., 209; *Faler* v. *McRae*, 56 Miss., 227. But if the court should hold that Cassidy acquired no title or interest by virtue of the sale made in 1888, he perpetrated a fraud upon the appellant when he entered himself on the assessment roll as claimant of the land. He cannot take advantage of his own wrong by first assessing the land to himself, and then permitting it to sell, and purchase at such sale. The land being assessed to him in 1891, the presumption is that it was so assessed by his direction; but, if we were to concede that he did not give in the land to the assessor in 1891, and that said assessment was but a carrying forward by the officer of the previous assessment, it is nevertheless Cassidy's handiwork, and he is responsible for it. We do not hesitate to assert that one to whom land is assessed, however wrongfully, cannot, after permitting the assessment to be approved, purchase the same at a tax sale made on such assessment. He should have objected to the assessment at the proper time if he did not claim an interest in the land.

*A. C. McNair*, for appellee.

Conceding that the land was the property of Clara Ann Smith and was subject to taxation, was Cassidy's relation to the land in 1892 such as to disqualify him from purchasing at the tax sale? This depends upon whether or not he was under any legal or moral obligation to pay the taxes. It is conceded by all parties that the sale in 1888, for taxes of 1887, was an ab-

solute nullity because the land was not subject to taxation. It was expressly exempt, the title, both legal and equitable, being then in the United States government. Before Cassidy would be disqualified from buying in 1892, he must have been at the time under some obligation to pay the taxes; but he was not, in law or in morals, under such obligation. He was not in the possession of the land, was reaping none of its benefits, rents or profits, if any emanated from it. On the contrary, it appears from the pleading and the evidence, that Clara Ann Smith was in the actual occupancy of the land, reaping its benefits, and was under the legal and moral obligation to pay the taxes. *Gaskins* v. *Blake*, 27 Miss., 675; *Elson* v. *Barrier*, 56 Miss., 394; *Pool* v. *Ellis*, 64 Miss., 555; *McGee* v. *Holmes*, 63 Miss., 50; 25 Am. & Eng. Enc. L., 706, note 3.

It makes no difference to whom the land was assessed on the roll of 1887 or on that of 1891; tax proceedings are *in rem*. There is nothing to show that Cassidy gave in the land to the assessor in 1891, nor is there sufficient, if any, evidence to show that the change on the assessment roll of 1887 was made by Cassidy or under his direction. If, as I contend the court must conclude and as the chancellor did conclude, the assessment was wholly the work of others, surely Cassidy was not estopped to purchase.

WHITFIELD, J., delivered the opinion of the court.

It is true that taxes are a charge *in rem;* that the ownership of the land is immaterial to the right and power of the state to sell for taxes. But it does not at all follow from this that a particular person may not sustain such relation to the land, and may not so conduct himself with respect to it, as to be estopped to buy at a tax sale. The state, in such case, will get its taxes, but he will not get the land. We think it clear that appellee's relation to this land, and his dealing with respect to it, have been such that he acquired no title at the sale for taxes, in

March, 1892, if any such sale there was.    The appellant is entitled to the relief prayed in her cross bill.

*Decree reversed and cause remanded, to be proceeded with in accordance with this opinion.*