### EIDMAN v. BALDWIN.

(Circuit Court of Appeals, Second Circuit. June 18, 1913.)

No. 254.

1. INTERNAL REVENUE (§ 8*)—"LEGACIES ARISING FROM PERSONAL PROPERTY."

The words "legacies * * * arising from personal property," in War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), subjecting such legacies to a tax, mean only that the property passing by the bequest shall be personal.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*

Internal revenue tax on legacies, inheritances, and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

2. INTERNAL REVENUE (§ 8*)—WAR REVENUE ACT—PERSONAL PROPERTY.

In the absence of a statutory definition, the term "personal property," in War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), will be accorded its common-law meaning.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PROPERTY (§ 4\*)—PERSONAL PROPERTY—LEASEHOLDS.**

At common law personal property includes leasehold interests in land.

[Ed. Note.—For other cases, see Property, Cent. Dig. §§ 4–6; Dec. Dig. § 4.\*]

**4. INTERNAL REVENUE (§ 8\*)—WAR REVENUE ACT—"PERSONAL PROPERTY"—"REAL PROPERTY."**

A statutory definition of "personal property," excluding leasehold interests in land, will not be read into War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), merely because such act is modeled on Act June 30, 1864, c. 173, § 126, 13 Stat. 287, which defines real estate to "include all lands, tenements and hereditaments, corporeal and incorporeal," but does not define personal property; nor because the act of 1864 was to some extent taken from the earlier English Succession Duty Act, which defined "real property" as including, and "personal property" as excluding, leaseholds, such definitions not being adopted or referred to by the act of 1864.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.\*

For other definitions, see Words and Phrases, vol. 7, pp. 5939–5951.]

**5. INTERNAL REVENUE (§ 8\*)—WAR REVENUE ACT—PERSONAL PROPERTY.**

There is no foundation for an assumption, relative to the question of the meaning of "personal property" in War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), that there is a common acceptation of the term, distinguished from its technical meaning, as excluding leaseholds.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.\*]

In Error to the District Court of the United States for the Southern District of New York.

Action by Edwin Baldwin, executor, against Elizabeth Eidman, administratrix. Writ of error to review a judgment of the District Court, Southern District of New York (202 Fed. 968), entered upon a verdict directed in favor of the defendant in error, who was plaintiff below, against the plaintiff in error, who was the administratrix of a collector of internal revenue, in an action to recover moneys paid as an inheritance tax under the War Revenue Act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286]). Reversed.

The relevant portions of the War Revenue Act are printed in the footnote.[1]

The inheritance taxes which were paid by the defendant in error as executor of John Daniell and to recover which this action was

[1] "Section 29. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States. \* \* \*"

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought against the collector of internal revenue were assessed again'st certain leasehold interests—Sailors' Snug Harbor leases—belonging in his lifetime to said John Daniell and constituting a part of the residuary estate which passed under his will to his sons.

A. S. Pratt, Asst. U. S. Atty., of New York City, for plaintiff in error.

F. S. Fisher, of New York City (William H. Wadhams, of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1] The question in this case is whether the leasehold interests came within the phrase "legacies or distributive shares arising from personal property" in the provision of the War Revenue Act already quoted. And as we think that the words "legacies * * * arising from personal property" meant only that the property passing should be personal, the question may be narrowed to this: Were these leaseholds personal property within the act?[2]

[2] The War Revenue Act did not define the term "personal property" which it employed. It used, however, a term well known in the common law and which, in the absence of a statutory definition must be defined according to the common law. While there is no national common or customary law, still in interpreting acts of Congress as well as state statutes resort must be had for the definition of terms to the system from which our judicial ideas and legal definitions were derived. As said by the Supreme Court in Keck v. United States, 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505, in interpreting the terms of a federal statute:

"That term had a well understood import at common law, and in the absence of a particularized definition of its significance in the statute creating it, resort must be had to the common law for the purpose of arriving at the meaning of a word."

[3] Now it is elementary that at common law personal property included leasehold interests in land. Such interests were estates less than the freehold and passed to the executor. Consequently a statute taxing personal property passing by legacy, taxes leaseholds so passing and the taxes in question were properly collected unless there be something in the origin and history of this statute which may be said to read into it a statutory definition contrary to the common law.

[4] The War Revenue Act of 1898 was undoubtedly modeled upon the act of 1864 (Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969) and if we could find in the latter statute a definition of the term "personal property" or a definition of the term "real estate" which would by exclusion define it, it would go a long way toward

---

[2] We are unable to adopt the conclusion of the trial judge that special significance should be attached to the words "arising from" as importing that the ultimate source of a legacy must be found in personal property. If that which constitutes the legacy or distributive share is personal property, we think that it comes within the act notwithstanding that such property may in a sense be said to grow out of real estate.

convincing us that a particularized definition of the term should be adopted. But the act of 1864 (Act June 30, 1864, c. 173, § 126, 13 Stat. 287) merely defines real estate as follows:

"The term 'real estate' shall include all lands, tenements, and hereditaments, corporeal and incorporeal."

This, however, is merely the bringing together of two common law phrases which are substantially co-extensive. If leaseholds are not "real estate" they are not "lands, tenements or hereditaments." And it is unquestionable that at common law they were neither. No light, then, is thrown upon the subject by the act of 1864 standing by itself. It is insisted, however, that a step further back should be made and that as the act of 1864 was to some extent taken from the earlier English Succession Duty Act and as that act does contain specific definitions resort should be had to them. And it is true that the English statute does define the term "real property" as including leaseholds and the term "personal property" as excluding them. But the difficulty is that while the act of 1864 undoubtedly borrowed some provisions from the English statute, it did not adopt or refer to these definitions. And it would only have been by adopting or referring to them that a statutory definition classifying leaseholds otherwise than at common law could have been brought into the act of 1864 and through it into the act of 1898. We find nothing in the origin or history of the statute to warrant us in holding that the term "personal property"—a technical term—does not include all that the language of the law places within it.

[5] The argument that Congress must have used the term "personal property" according to the common acceptation of its meaning and not technically, involves an assumption that there is a common acceptation as excluding leaseholds. This there is no foundation for making. So far as we can see Congress chose to employ in a statute without definition a well known common law phrase and there is no reason for avoiding, or right to avoid, the consequences.

The judgment of the District Court is reversed.