EDWARD MOULTON *vs.* COMMISSIONER OF CORPORATIONS
AND TAXATION.

Worcester.    September 26, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On income. *Statute,* Construction. *Landlord and Tenant. Real or Personal Property. Words,* "Intangible personal property." .

A statute granting a power to tax must be construed strictly, the power which it grants cannot be extended by implication, and all doubts relating to its meaning must be resolved in favor of the taxpayer.

A lease of a business block for a term of years, which fixed the rent, required the lessee to pay taxes and other assessments together with other usual obligations and interest on a mortgage, permitted him to underlet and assign his lease, and gave him an option to purchase at a designated price upon specified terms, is not "intangible personal property" of the lessee within the meaning of those words as used in G. L. c. 62, § 5, cl. c, and a sum received by the lessee for an assignment of the "lease, the premises thereby demised" and all his interest therein "including the option of purchase," is not income which is taxable under that statute.

COMPLAINT, filed in the Superior Court on November 25, 1921, under G. L. c. 62, § 47, by way of appeal from the refusal of the respondent to abate a portion of an income tax assessed upon the complainant for the year 1919.

The complaint was heard in the Superior Court by *Sisk,* J., upon an agreed statement of facts. Material facts are described in the opinion. The judge, without making any decision, reported

the case under G. L. c. 231, § 111, for determination by this court.

M. S. June, (T. H. Gage & F. F. Dresser with him,) for the complainant.

A. Lincoln, Assistant Attorney General, for the respondent.

RUGG, C.J.   The complainant was the lessee of a business block in Worcester for a term of five years and nine months under an indenture which fixed the rent, required the lessee to pay taxes and other assessments together with other usual obligations and interest on a mortgage, permitted him to underlet and assign his lease, and gave him an option to purchase at a designated price upon specified terms.   In 1919 the complainant assigned his "lease, the premises thereby demised" and all his interest therein "including the option of purchase," receiving therefor $50,000.   The single question to be decided is whether he was subject to an income tax on the sum so received under St. 1916, c. 269, § 5 (c) (now G. L. c. 62, § 5 (c)), which provides that "Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows: . . . (c) The excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property, whether or not such taxpayer is engaged in the business of dealing in such property, shall be taxed at the rate of three per cent per annum; . . ." Succinctly stated the point for decision is whether a lease of real estate is "intangible personal property" within the meaning of these words in this part of the tax law.

The familiar principle is that tax laws are strictly construed. The power to tax is not to be extended by implication; it must be conferred by the statute in unequivocal terms.   All doubts are resolved in favor of the taxpayer.   Eaton, Crane & Pike Co. v. Commonwealth, 237 Mass. 523, 530, and cases there collected.

Without tracing the historical development of the meaning of these terms, property has now come to be divided into two general classes, real estate and personal estate.   Bates v. Sparrell, 10 Mass. 323, 324.   Apart from statute a lease of land is in that general sense personal estate.   It has been referred to as such in our own decisions.   In Gay, petitioner, 5 Mass. 419, it was held that a lease for nine hundred and ninety-nine years was a chattel and passed as such to the administrator of the lessee, who could

dispose of it as he could of other personal property.  To the same effect are *Bates* v. *Sparrell,* 10 Mass. 323, *Chapman* v. *Gray,* 15 Mass. 439, 444, 445, *Minot* v. *Thompson,* 106 Mass. 583, 585, *Martin* v. *Tobin,* 123 Mass. 85, 88.  It was said in *Insurance Co.* v. *Haven,* 95 U. S. 242, 250, "Such a lease is a mere chattel interest, being reckoned as a part of the personal estate of the lessee, and in case of the death of the lessee goes to his executors, and not to the heirs-at-law, as appears by all the authorities." *Brewster* v. *Hill,* 1 N. H. 350.  *Despard* v. *Churchill,* 53 N. Y. 192, 199. *Matter of Althouse,* 63 App. Div. (N. Y.) 252, 255, affirmed in 168 N. Y. 670.  *Meni* v. *Rathbone,* 21 Ind. 454, 466, 467.  *Wilgus* v. *Commonwealth,* 9 Bush, 556.  *Eidman* v. *Baldwin,* 124 C. C. A. 310.  *Faler* v. *McRae,* 56 Miss. 227.  *Becker* v. *Walworth,* 45 Ohio St. 169.  *McCormick* v. *Stephany,* 12 Dick. 257, 264.  *Holzman* v. *Wager,* 114 Md. 322.  *Orchard* v. *Wright-Dalton-Bell-Anchor Store Co.* 225 Mo. 414, 433–439.  *Duff* v. *Keaton,* 33 Okla. 92.  *Townsend* v. *Boyd,* 217 Penn. St. 386, 394.  *Lowther* v. *Fraser,* [1904] 1 Ch. 111, 116, 117, affirmed [1904] 1 Ch. 726, 734.

A lease of real estate is, however, a peculiar kind of personal property.  It is indubitable that it constitutes an interest in land. *Sanders* v. *Partridge,* 108 Mass. 556, 558.  It has long been called a chattel real.  *Hyatt* v. *Vincennes National Bank,* 113 U. S. 408, 415.  *Harvey Coal & Coke Co.* v. *Tax Commissioner,* 59 W. Va. 605, 609.  It was said in this connection in *Freedman* v. *Bloomberg,* 225 Mass. 491, at page 493: "The contention . . . that at common law a term for years is 'personal property' is not accurate. It is true that originally a term for years was regarded as a chattel interest in real estate, and that only freeholds were included in 'realty' as being the only things specifically recoverable in the King's Court.  But those interests in lands which were reckoned as chattels were distinguished by the name of chattels real because they concerned realty; while the name of chattels personal was given to movable goods."  Those words were used in holding that a conditional assignment of a lease to secure the payment of a debt was not a mortgage of personal property under R. L. c. 198, § 1 (see now G. L. c. 255, § 1), and need not be recorded as there required.  Attention frequently has been called to distinguishing attributes of chattels real as compared with other varieties of personal property.  See, in addition to cases already cited,

*Milliken* v. *Faulk,* 111 Ala. 658, 660; *Comer* v. *Light,* 175 Ind. 367, 375. It is provided in G. L. c. 4, § 7, that "In construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears. . . . Seventeenth, 'Land', 'lands' and 'real estate' shall include lands, tenements and hereditaments, and all rights thereto and interests therein." These words are broad enough to comprehend leases. Somewhat similar words are found in the statute of frauds, G. L. c. 259, § 1, cl. 4, which have been held to include leases and agreements for leases. *Flanagan* v. *Welch,* 220 Mass. 186, 189. There are other statutes so phrased as not to include leases as real estate. G. L. c. 190, § 3; c. 202, § 2. Special provision is made concerning the attachment and sale of leasehold interests, which are different from those governing the attachment of personal property in general. G. L. c. 223, § 62; c. 235, § 46. While it might be possible, it is in considerable degree unnatural to hold that a "chattel real" conveying an interest in land which in some aspects is treated not even as personal property, is intangible personal property. See *Welch* v. *Boston,* 221 Mass. 155, 157, 158; *Opinion of the Justices,* 220 Mass. 613, 615, 616, 623. If it had been the purpose of the General Court to have made such income subject to tax, it would seem probable that some definite description would have been employed as in other statutes to which reference has been made.

All these considerations lead us to the conclusion that income derived from the sale of a lease such as here is involved is not derived from "purchases or sales of intangible personal property" as those words are used in this tax statute.

Abatement of the tax is granted as prayed for and in accordance with G. L. c. 62, § 47, "the amount thereof shall be repaid to the complainant by the State treasurer, with interest at the rate of six per cent per annum from the time when the tax was paid, and costs."

*So ordered.*