PRICE v. FORETICH.*

(Division A.   April 13, 1925.)

[103 So. 791.  No. 24643.]

TAXATION.  *Widow buying from purchaser at tax sale for taxes assessed to her former husband held to get good title.*

Though one cannot by, directly or indirectly, purchasing at tax sale of his land strengthen his title thereto, a woman by purchase, years after her former husband's death, and after her remarriage, of tax title to lands, which, while occupied by her and her former husband, had for taxes assessed thereon to him been sold to her vendor, and from which she and her former husband had soon afterwards removed, *held* to have obtained good title; her good faith and the *bona fides* of the transaction not being impeached, there being nothing to connect her with her former husband in the transaction, and nothing tending to show that she did not purchase in good faith and with her own money.

*Headnote 1.  Taxation, 37 Cyc., p. 1485 (1926 Anno).

APPEAL from chancery court of Harrison county.
HON. V. A. GRIFFITH, Chancellor.

Suit by Mrs. M. L. Price against A. V. Foretich. From an adverse decree, complainant appeals. Reversed and judgment rendered.

*L. W. Maples* and *H. A. Kreuse, Jr.,* for appellant.

We do not understand the law to be that because the appellant was at one time the wife of W. D. Chinn, she cannot long years afterwards purchase a title from one who holds a good and valid title through a tax sale. There is no question but that the sale to Dr. Bolton was in all things regular and according to law, and that Dr. Bolton acquired a good and perfect title at said tax sale. At the time that the appellant purchased said property she was not then the wife of W. D. Chinn and accord-

ing to the testimony of the heirs of W. D. Chinn she did not redeem this property for them; that she purchased same in her own proper person for her own personal and individual interest and use. See *Robert* v. *Lewis,* 81 So. 481.

Where lands have been sold to the state and the time for redemption has expired, even the person primarily bound to pay the taxes may acquire a paramount title by purchasing the property from the state. *U. S.* v. *Elliot,* 164 U. S. 373. And the same rule has been applied where a stranger purchases property at the tax sale and one of the persons primarily liable for the taxes afterwards purchases from the stranger, the period of redemption having expired, unless there can be shown collusion or fraud. See notes 15 Am. Dec. 689.

In the case at bar the chancellor was in error in holding that Dr. Bolton could not purchase this property at a tax sale and acquire a good title to it, and that to sell the property to Mrs. M. L. Price ten years afterward would operate as Mrs. Price buying at the tax sale. Can the court go as far as to hold that when a title is once perfected in a third party or a stranger and remain in such for more than ten years that that shows conclusive fraud or misconduct on the part of the purchaser from the stranger? We say it does not. We further contend that W. T. Bolton acquired good title by virtue of the tax sale by reason of the fact that for more than three years under the tax deed he owned and occupied these lands; and that there is no fact in this record to show that Mrs. Price is guilty of any misconduct or any acts wherein she can be held to have misled the real owner or that her acts have been such as would amount to fraud.

We therefore respectfully submit that the decree of the lower court should be reversed.

*W. T. Moore* and *J. L. Taylor,* for appellee.

In a suit to confirm a tax title, the burden is upon complainant to establish the validity of his title before the

title of defendants there in question. *Roberts* v. *Lewis,* 81 So. 481. One who claims title to land and has it assessed in his name acquires no title by buying the land at a sale for taxes; his purchase amounts to a payment of the taxes. *Smith* v. *Cassidy,* 75 Miss. 916, 23 So. 427.

Because of the relationship of husband and wife, it is against the public policy for the wife to do that which the husband cannot do and since the husband could not have purchased at the sale or from anyone under this sale, likewise the wife could not purchase. *Cameron* v. *Lewis,* 56 Miss. 76; 56 Miss. 601; 59 Miss. 139.

Further in support of this policy, we find ''One whose wife owns an undivided interest in land, on grounds of public policy is disqualified from purchasing at a tax sale the interest of her co-tenant therein.'' *Robinson* v. *Lewis,* 69 Miss. 69. It has been held in most jurisdictions and seems to be the general rule that the obligations and duties of husband and wife to each other create such relations of trust and confidence between them that neither can acquire the property of the other by purchasing at a tax sale for non-payment of taxes. 26 R. C. L., sections, 372, 415-416.

There was an attempt to show possession of this land by Dr. Bolton, but we submit that the chancellor found clearly that there was no possession and it remained as wild land; the three years occupation under tax title would not apply in such cases. *Dubose* v. *McNeil,* 104 Miss. 634.

It appears that the reason assigned by the chancellor for dismissing the bill clearly states the rule of law as obtains in the state of Mississippi, and if W. D. Chinn could not have bought the land from Dr. Bolton and obtained a good title, it would certainly follow that his wife could not do so, because it would be permitting that to be done indirectly which could not be done directly.

It has always occurred to us in this suit that, aside from the foregoing facts, which seem to absolutely settle the case, that the tax title is utterly void for an insufficient description, because, taking the tax deed by

the four corners, how could we tell which thirty acres was sold.

Counsel for appellant cites the case of *Roberts* v. *Lewis,* 81 So. 481, but, as we read this case, it is absolutely in point for the appellee herein and conclusively shows that the appellant has no standing in her contentions and we feel that if no other authority was invoked in the present suit but this case alone, that the case should be affirmed, and since this seems to be the only case that counsel for appellant cites in support of his contentions except a United States case, we submit that it would follow that this court would follow the cases heretofore passed on and that the case at bar should be affirmed.

McGOWEN, J., delivered the opinion of the court.

Mrs. M. L. Price filed her bill in the chancery court to confirm title to thirty acres of land in Harrison county, Miss., seeking cancellation of a certain deed held by the defendant, A. V. Foretich, as against any and all persons claiming any interest in the land.

Demurrer was filed to the original bill which was sustained, and an amended bill was filed asserting title in the lands by virtue of adverse possession under a tax deed, and further seeking cancellation of the deed from Wells and others to A. V. Foretich. The proof showed that the land sought to be confirmed is the east thirty acres in the west half of the southeast quarter of section 7, township 7, range 9 west, that Dr. W. T. Bolton purchased this land at a tax sale in the year 1897; the land being sold for the taxes due for the year 1896. At that time it was assessed to W. D. Chinn, who with his wife, the complainant here, now Mrs. M. L. Price, occupied the land at the time it was sold. Dr. Bolton purchased the lands at this tax sale, and soon thereafter Chinn and his wife removed from the land, and in 1898 W. D. Chinn died, and later his widow married a man by the name of Price. In 1910, for a consideration of twen-

ty dollars, this Mrs. Chinn, now Mrs. M. L. Price, purchased the lands from Dr. Bolton.

As the briefs of counsel, the assignment of error, and the record in this case, including the chancellor's opinion, so far as we are advised, disclose, the entire case hinges upon the one question of whether or not Mrs. M. L. Price, under those circumstances, could acquire title to these lands.

The chancellor below announced that:

"The law was that a person occupying land to whom it was assessed could not purchase at a tax sale and thereby acquire good title; that Chinn, the former husband of Mrs. M. L. Price, being disqualified from purchasing, his wife, Mrs. M. L. Price, could not purchase, and that his disqualification extended to her; and that, since they could not purchase directly, they could not indirectly, either of them, acquire the title."

It is true that a purchaser at a sale of land assessed to said purchaser at his instance acquires no title by purchase at a tax sale. It is also true that one cannot strengthen his title by permitting land to be sold for taxes and then purchase at the tax sale. *McLaughlin* v. *Green,* 48 Miss. 175; *Faler* v. *McRae,* 56 Miss. 227; *Smith* v. *Cassidy,* 75 Miss. 916, 23 So. 427.

In this case there is presented a strict adherence to a rule without regard to the circumstances and conditions upon which the rule is based and in which it has its origin. According to the record the husband, Chinn, who originally held the title, had been dead more than twelve years when Mrs. Price, Chinn's former wife, acquired the title. The relation of husband and wife had been broken by death, and absolutely new relations existed when she became the wife of another man.

It must be recognized that in Mississippi, since 1880, woman in her *status* toward her husband in the ownership of her property has been fully emancipated, and she is under no disability of coverture such as existed in former days. The reason for the rule invoked and applied by the chancellor in the decision of this case was

the relation of trust and confidence which existed between husband and wife, but the trust relations must exist to create the disqualification. In *Cameron* v. *Lewis,* 56 Miss. 76, this court held that an attorney employed to examine a title could not avail of information acquired in the prosecution of an investigation to purchase an outstanding title in his client's interest upon the ground of fiducial relations. The same case was again before this court (56 Miss. 601), where the court held that the wife who was used as the means by which Cameron acquired the outstanding tax title could not acquire the title for the attorney; the court using this language:

"That Cameron himself could have bought up the outstanding tax title and used it against his client nobody will contend. Neither can it be tolerated that, upon information furnished by him, and by money forwarded through, if not supplied by him the title has been vested in his wife and her minor brother. To permit him, by such easy evasions, to accomplish indirectly that which the law forbids him to do directly would be a reproach to any system of jurisprudence; nor can members of his family be allowed to reap the benefit of his breach of professional duty."

We have cited these authorities to show that in the cases relied upon by the appellee in the court below and here there was want of good faith as well as the fiducial relation. Quoting from 26 R. C. L. at page 416:

"It is held in most jurisdictions that the obligations and duties of husbands and wives to each other, both express and implied, create such relations of trust and confidence between them that neither can acquire the property of the other by purchasing it at a sale for nonpayment of taxes. In some states, however, it is held that a wife, not being in possession or receiving the rents, and not being under any other legal or moral obligation to pay taxes, may acquire title to land owned by her husband and others by purchase at a sale for taxes, provided such purchase *is made in good faith and with her own money.*" (Italics ours.)

There is nothing in this record to connect Mrs. Price with her former husband in this transaction. There is nothing in the record which tends to show that in the purchase of this land in 1910 she did not do so in perfect good faith with her own money. It appears to be a *bona-fide* transaction without any suspicion of a violation of the trust relation, and to hold that, because she was the wife of the husband who had allowed the land to be sold for taxes to another, whether by design on the part of the deceased husband or misfortune or poverty, would be to apply the letter of the rule to the exclusion of the spirit and without any good reason. We think Mrs. Price acquired a good title through the deed from Dr. Bolton, and that under the circumstances, her good faith and the *bona-fides* of the transaction not being impeached, the title vested absolutely in her and she was entitled to maintain her bill and have canceled the outstanding title of the defendant, Foretich, and to a decree quieting and confirming her title.

The decree of the court below is reversed, and decree here for appellant.

*Reversed, and decree here for appellant.*