Narragansett Mutual Fire Ins. Co.
vs.
Walter W. Burnham, et al.
M. P. No. 113.

April 3, 1930.

BLODGETT, P. J. Heard without a jury.

Petition to recover $38.80 from the city of Providence, being a tax paid

by petitioner under protest, October , 1928, upon an assessment of $9,700 intangible personal property.

The sole question involved is whether the securities held by petitioner and included in its return to the assessors of taxes of Providence as not taxable are intangible personal estate, or represent an equitable interest in real estate located without the jurisdiction of Rhode Island. The petitioner is the holder of 10/5750 Cleveland Terminal Tower Building Site, Cleevland, Ohio, at a valuation of $9,700. Petitioner claims this to be an equitable interest in real estate and not ratable intangible personal estate, and as such not subject to the jurisdiction of the board of assessors of the city of Providence.

The certificates in question, a photostatic copy of same being among the exhibits in the case, are known as "Land Trust Certificates."

The Union Trust Company, of Cleveland, Ohio, received from the prior owners a deed of certain real estate upon which it was proposed to erect the Cleveland railroad station, and also, above the station, the Cleveland Terminals Building. A part of this real estate was leased by the Union Trust Company to the Cleveland Terminals Building Company under a ninety-nine year lease with a perpetual clause of renewal. The lease provided for a payment of rental quarterly, which rental amounted to the sum of $316,250 per year plus all taxes, assessments, levies and proper charges of every kind and character which might be levied or assessed against the leased premises or any improvements thereon, and all the charges, costs and expenses of the Union Trust Company, as trustee under a Declaration of Trust, which it was about to execute. The lease also contained the provision that the lessee might purchase the reversionary interest after the lease at any time, the price being set forth in the lease and the amounts varying according to the time of purchase. The lease has the usual provisions for forfeiture in case of non-payment of rent. etc. A copy of this lease has been introduced in evidence.

The Union Trust Company of Cleveland, Ohio, became the owner of the reversion of the property described, and thereupon, by the execution of an Agreement and Declaration of Trust, a copy of which appears in the evidence, declared itself trustee of this revision and of the rights reserved in the lease, for the benefit of such persons as became parties to the Agreement and Declaration of Trust by the purchase and acceptance of such Trust Certificates. The declaration of trust was executed in Ohio and the land is situated in Ohio.

Testimony as to the law of Ohio was submitted in proper manner to show that under said law the interest of an owner of Land Trust Certificates is a fractional, equitable owner of real estate.

The certificate issued is denominated as "Land Trust Certificate of Equitable Ownership in The Cleveland Terminal Tower Building Site." The certificate further states: "The real estate * * * described is leased to The Cleveland Terminals Building Company" under conditions set forth in such certificate.

The trustee named agrees at certain specified times to pay to the holder of any registered certificate the pro rata share of the proceeds of said lease. Provisions is further made that the holder of such certificate may sell and assign the same.

The whole transaction refers to and is treated as real estate in the hands of a trustee and subject to the conditions of the trust. Under the laws of Ohio equitable interests in real estate are real property rather than personal property, and can not be taxed both as real and also personal property.

Interest in a New York partnership

held as "intangible personal property" subject to a succession tax at domicile of owner (105 Conn. 192).

Under the opinion of our Supreme Court (*R. I. Hospital Trust Co.* vs. *Copeland,* 39 R. I. 194), it was held that an association organized and doing business under a declaration of trust was not a partnership, but in its nature a true trust.

"While a lease of land is in a general sense personal estate, it is a peculiar kind of personal property known as a chattel real, and in view of the fact that leases are in some states treated as real estate, and in others covered by special provisions, a lease of real estate is not within G. L. c. 62, par. 5 (c) imposing an income tax on gains from purchases or sales of 'intangible personal property'."

*Moulton* vs. *Long,* 243 Mass. 129.

It seems clear from the record that the trust in the case at bar holds no personal property.

The court is of the opinion that the certificates in question disclose an equitable interest in real estate, such real estate being situated in Ohio and taxable in that state, and are not "intangible personal property" subject to be taxed as such in the domicile of the holder in Rhode Island. Such a tax would be double taxation.

Decision for petitioner for $38.80 and interest from the date of payment thereof to the city of Providence, and costs.

For petitioner: Tillinghast & Collins,

For respondents: Elmer S. Chace, Clifton I. Munroe.