ELLEN C. GREENE *vs.* ALLEN A. BROWN & another.

Suffolk. December 2, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Equity Jurisdiction.*

This court has no jurisdiction as a court of equity to compel a probate accounting.

BILL IN EQUITY by a creditor of one Albert Pitts, deceased, against the executors under his will praying that certain shares of stock in the hands of the defendants as individuals and alleged to belong to the estate of Pitts should be applied to the payment of the plaintiff's claim, filed in the Supreme Judicial Court June 10, 1901.

There were two defendants, each of whom demurred. The case was heard by *Hammond*, J., who made a decree sustaining the demurrers and dismissing the bill on the ground that the plaintiff had a plain, adequate and complete remedy at law. The plaintiff appealed.

*J. Cummings*, for the plaintiff.

*A. A. Highlands*, for the defendants.

MORTON, J. The defendants are executors of the will of one Albert Pitts, but this bill is not brought against them in their representative capacity. The bill alleges in substance that the plaintiff was a creditor of said Pitts and has recovered judgment against the defendants as executors; that Pitts for the purpose of hindering, delaying and defrauding his creditors caused certain stock purchased by him in the Pitts-Kimball Company to be issued in the name of one Willard, and that since the death of Pitts the stock has been transferred without consideration by Willard to the defendants in their individual capacities for

the purpose of hindering, delaying and defrauding the plaintiff. The bill also alleges that the estate of Pitts has been rendered insolvent by the fraudulent transfer of the stock and prays that the defendants may be ordered to transfer the stock to the estate, and that the stock may be sold and the proceeds applied to the payment of the plaintiff's claim. There was a demurrer to the bill, — the causes assigned being that the plaintiff had not stated such a case as entitled her to relief, and that she had a plain and adequate remedy at law. The demurrer was sustained "for the reason that the plaintiff has a plain, adequate and complete remedy at law," and the bill was ordered to be dismissed with costs. The plaintiff appealed.

We think that the ruling was clearly right. What the plaintiff seeks to do is in effect to compel an accounting in this court as a court of equity by the defendants as executors in respect to the stock. But original jurisdiction in such matters is in the Probate Court and the accounting must be had there. This court has no jurisdiction as a court of equity to compel a probate accounting. *Green* v. *Gaskill*, 175 Mass. 265. *Ammidown* v. *Kinsey*, 144 Mass. 587. *Foster* v. *Foster*, 134 Mass. 120. *Wilson* v. *Leishman*, 12 Met. 316.

If the defendants should be ordered to account and should fail or neglect to do so the Probate Court could remove them and could order suit to be brought upon their bonds. If the stock was in reality assets of the estate it is immaterial how it came into the hands of the defendants, and it is also immaterial so far as the maintenance of this bill is concerned whether the estate has or has not been rendered insolvent by the transfer of the stock.

*Decree affirmed.*