FRANCENA M. FLETCHER, administratrix, *vs.* DANIEL C.
FLETCHER & another.

Middlesex.    December 8, 1905. — March 7, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Probate Court.    Contract.    Executor and Administrator.    Evidence.*

The widow and all of the adult children of an intestate made an agreement in
    writing under seal for the settlement and distribution of his estate, by the
    terms of which the widow was to be appointed administratrix.  A minor child
    of the intestate, although mentioned in the agreement, was in no way a party
    to it.  The administratrix filed an inventory, to which no objection was made,
    and an account to which some of the heirs objected.  There was a hearing on
    the account and it was allowed in a modified form.  On appeal from the decree,
    it was *held,* that the agreement did not oust the Probate Court of its jurisdiction
    to settle the account.

A promise under seal is binding without consideration.

Where, under an agreement in writing between the widow of an intestate and
    all of his adult children, the widow has been appointed administratrix of
    his estate and, having settled the estate substantially in accordance with the
    terms of the agreement, has filed in the Probate Court an account stating the
    distribution of the property made by her, which is allowed as her final discharge
    under R. L. c. 150, § 20, and where on an appeal by some of the adult children of
    the intestate the decree allowing the account is confirmed, this decree will not
    be disturbed because of informalities in the account not affecting the rights of
    the appealing parties, and the account may be treated as if allowed after a
    formal decree of distribution.

An agreement in writing under seal was made between the widow and all of the
    adult children of an intestate by which the widow was to be appointed adminis-
    tratrix, was to receive a certain farm, live stock and farming implements of the
    intestate at a valuation stipulated in the agreement, and was to assume and pay
    certain notes made by one of the adult children and indorsed by the intestate.
    At the hearing of an appeal from a decree of the Probate Court allowing the
    account of the widow as administratrix, it having been shown that she had paid
    the notes assumed by her under the agreement, evidence, offered by the appel-
    lants to show that the value of the farm and personal property conveyed to and
    received by the widow under the agreement was underestimated as an induce-
    ment to her to assume the payment of the notes, was excluded.  *Held,* that the
    evidence properly was excluded as irrelevant.

APPEAL from a decree of the Probate Court for the county of
Middlesex allowing the account of Francena M. Fletcher as ad-
ministratrix of the estate of Theodore C. Fletcher.

The case was heard by *Morton,* J.   It appeared that soon after
the death of Theodore C. Fletcher all parties interested in his

estate met and entered into an agreement in writing to settle their various interests without expense or delay.

His widow, the appellee, was appointed administratrix without opposition on April 17, 1894, in accordance with the agreement, and gave bond without sureties, and on April 20, 1894, filed an inventory to which no objection was made and the estate was settled substantially according to the agreement. Property belonging to the estate was mutually transferred and conveyed by her and the heirs in accordance therewith, and since has been and now is held by them. A part of the property was transferred on March 28, 29, 1894, and certain other property was transferred on June 28, 1894. Disputes subsequently arose between the administratrix and the heirs, and on June 15, 1896, she filed a first and final account in the Probate Court to which objection was made by the heirs described in the agreement as the parties of the first part, and on December 14, 1903, she filed a second first and final account in substitution for the first. The case was sent to an auditor, who heard the parties and made a report which was filed in the Probate Court. After a hearing thereon the account was allowed as modified by the report of the auditor, and a decree to that effect was entered, from which certain of the heirs at law appealed.

By the terms of the agreement the parties of the second part, of whom the widow, Francena M. Fletcher, was one, were to assume and pay a D. H. Richards note of $1,000 and a Mrs. J. A. Tuttle note of $300, and to destroy these notes when paid. Both of these notes were indorsed by Theodore C. Fletcher, the maker being Daniel C. Fletcher, one of the parties of the first part. When the Richards note came due and payment was demanded, it was paid by Daniel C. Fletcher, the maker, of the first part, and thereafter the note was placed with the Beacon Trust Company for collection. Francena M. Fletcher paid the Richards note and also took up and paid the Tuttle note and afterwards charged the Richards and Tuttle notes on the credit side of her accounts, and also charged herself with the same in schedule A of her probate account, stating the amount of personal property received by her.

The appellants contended at the trial that under the terms of the agreement the Richards and Tuttle notes were to be assumed,

paid and destroyed by the parties of the second part, and not by Francena M. Fletcher either as administratrix or individually ; and therefore that she had no right to charge these notes against the appellants in the probate account.

The claims of appeal so far as they related to the notes were as follows :

" 15th. That items stating the payments of the Richards and Tuttle notes should be disallowed because by the terms of said agreement the parties of the second part therein named were to assume, pay and destroy these notes as part of the consideration for the purchase price of the farm and personal property set forth in the bill of sale ; therefore these notes ought not to be charged in the account against the parties of the first part as a part of their share of the estate. The notes could not be paid and assumed and destroyed by the.parties of the second part and now be charged in this account against the parties of the first part.

" 16th. That the parties of the second part could not have paid, assumed and destroyed these notes because the notes were charged against the parties of the first part and deducted from the share that they would otherwise receive."

The appellants contended that neither the Probate Court nor the Supreme Judicial Court on appeal had jurisdiction of the subject matter, and that whatever rights the various parties had under the terms of the agreement could not be ascertained or determined in this proceeding, but that the parties must be left to such remedy as they had either at law or in equity ; and that as the parties had seen fit to enter into the agreement they were bound by its terms. The question of jurisdiction was not raised in any of the reasons of appeal, nor, so far as appeared, was it raised by the appellants in the Probate Court, but was raised by the administratrix and subsequently waived by her.

The appellants offered to show that the value of the farm, stock and tools mentioned in the agreement was fixed artificially and that their true value was greatly in excess of the $6,000, the value placed upon them in the agreement, and that this value was so fixed in consideration of the parties of the second part agreeing to assume, pay and destroy the so called Richards and Tuttle notes, thereby relieving the parties of the first part and the estate of Theodore C. Fletcher from any and all liability arising

from these notes. The justice refused to allow this to be shown, and the appellants excepted to the ruling. One ground of the refusal, although not the only one, was that the parties of the second part had in effect performed their agreement in regard to the Richards and Tuttle notes.

The other rulings requested by the appellants were as follows:

" That the Probate Court had no right to compel or allow an accounting or to appoint an auditor to examine into and report on the account.

" That the Probate Court had no jurisdiction of the subject matter, the parties having seen fit to settle the estate according to the terms of the written agreement.

" That the administratrix had no right to charge against the appellants either the D. H. Richards note of $1,000 or the Mrs. J. A. Tuttle note of $300.

" That the parties of the second part did not assume, pay and destroy the Richards and Tuttle notes under the terms of the agreement if the administratrix is allowed now to charge these notes against the appellants."

The justice refused to rule as requested. He made a decree that the decree of the Probate Court be affirmed and that the case be remanded to that court for further proceedings. The appellants alleged exceptions.

The agreement between the parties was as follows:

" This Agreement executed in duplicate by and between Hammond T. Fletcher of Boston, County of Suffolk, Commonwealth of Massachusetts, Daniel C. Fletcher of City, County and State aforesaid, Minnie L. Perkins wife of Albert S. Perkins of Hyde Park, County of Norfolk and Commonwealth aforesaid, for themselves and as the heirs-at-law of Theodore C. Fletcher late of Littleton, County of Middlesex, Commonwealth aforesaid, hereinafter mentioned as the parties of the first part, and Francena M. Fletcher widow of the said T. C. Fletcher for herself and as she is to be administratrix of the estate of said T. C. Fletcher, Walter H. Titcomb for himself or as the guardian to be appointed of Maria S. Fletcher minor daughter of said T. C. Fletcher. The last three mentioned being of Littleton, County

of Middlesex, Commonwealth aforesaid and known in these presents as the parties of the second part.

" Said Walter H. Titcomb hereby agrees to take out guardianship papers and to be appointed guardian of the minor Maria S. Fletcher in due form according to law.

" Witnesseth, that the said parties of the first part hereby agree as follows : —

" First to make no opposition to the appointment of said Francena M. as administratrix for the estate of T. C. Fletcher.

" Second to sign the petition to the probate court of the county of Middlesex of the said Francena M. Fletcher to be appointed administratrix as herein recited and to be released from giving sureties on her official bond.

" 3. To execute a quitclaim deed of their right, title and interest in the farm formerly of said T. C. Fletcher deceased. The dower interest to be estimated at $19.15 per hundred assessed value.

" 4. To execute a release bill of sale of all their right, title and interest in the live stock, hay, farming implements, furniture, carriages, harnesses situated on the farm above mentioned formerly of the late T. C. Fletcher.

" 5. To assume indebtedness of forty-five hundred dollars secured by a note and collateral signed by said T. C. Fletcher.

" Parties of the second part agree as follows :

" 6. To deliver up to the parties of the first part or their authorized representatives on the delivery of the duly executed deed and bill of sale as above. Shares of capital stock in corporations as follows : — 20 shares Erie Telephone Co. 16 shares of New England Telephone Co. 66 shares of the Chicago Burlington & Quincy R. R. 10 shares Wright & Colson Wire Cloth Co.

" 7. The parties of the second part agree to deliver up to the parties of the first part a note for three hundred dollars with interest signed by Daniel C. Fletcher now in their possession. Parties of the second part agree to assume and pay two notes with interest one of the amount of three hundred dollars now or formerly held by Mrs. J. A. Tuttle and one of a thousand dollars now or formerly held by D. H. Richards respectively signed by Daniel C. Fletcher and endorsed by T. C. Fletcher.

"8. The parties of the second part agree to execute such further papers as may be necessary to effect the transfers of the certificates of stock of the various companies referred to in section 6 of this agreement.

"9. The said guardian agrees to apply for permission from the probate court after his appointment to make all needful transfers of Maria S. Fletcher's interests in the above estate and furnish bonds with approved surety or security against any possible claim or demands on her part. Each of the parties of these presents agree to contribute their proportional part of any debts of the estate other than those herein recited.

"10. For the purpose of this agreement each of the parties hereunto representing the estate herein divided. It is hereby agreed that the valuation will be as follows: — Farm stock and tools see section 3 & 4 $6000. Notes at their face with interest see section 7, Stock at the market value on the day of settlement delivery to be simultaneous Cash on hand to be divided, current bills accrued and for which the estate is liable to be deducted and a correct account rendered as is the intention of this instrument to divide among the heirs all the property of the deceased according to the laws of descendants of this commonwealth. The balance to be paid in cash by either party. It is understood that all notes herein referred to are to be destroyed when paid.

"In witness whereof we hereunto set our hands and seals this 19 day of March 1894.

"Hammond T. Fletcher    (Seal)
Daniel C. Fletcher    (Seal)
Minnie L. Perkins    (Seal)
Francena M. Fletcher    (Seal)
Walter H. Titcomb"    (Seal)

*R. H. O. Schulz,* for the appellants.

*G. A. Sanderson,* for the administratrix.

BRALEY, J. Under the agreement between the widow and the adult heirs at law of Theodore C. Fletcher, which as between themselves was made for the purpose of settling and distributing his estate, it is expressly provided that, with their consent, she is to be appointed administratrix without giving sureties on her official bond. By reason of this provision the terms of settle-

ment must be read in the light of the statute relating to admin-
istrators and their duties, which the parties were bound to know.
In pursuance of this understanding her appointment followed,
and by taking upon herself this trust she was required by R. L.
c. 149, § 1, and c. 150, §§ 1 and 5, to file an inventory and render
an account of her administration of the estate. It is to be
noticed that if it had been the intention of the parties that
beyond her formal appointment required in order to provide for
the necessary transfer of personal property of which the intestate
died possessed no further steps were to be taken, provision would
have been made for a release from any liability upon her failure
to file an inventory or render an account. If this liability could
have been obviated by a proper release executed by the heirs
who were of age, such an arrangement would have been impossi-
ble as to the minor daughter without the appointment of a pro-
bate guardian, upon whom on the face of the instrument the
settlement never became binding. It must have been under-
stood that she at least had the right to demand an accounting of
her father's estate, and whatever favor should be extended by
the courts to such an agreement, it is not sufficient to oust the
Probate Court of its jurisdiction, which is exclusive over the
settlement of the estates of deceased persons, and concerning
which a court of equity will not take upon itself the duty of
administration. *Jennison* v. *Hapgood*, 7 Pick. 1. *Sever* v. *Rus-
sell*, 4 Cush. 513. *Leach* v. *Fobes*, 11 Gray, 506. *Cathaway*
v. *Bowles*, 136 Mass. 54, 55. *Abbott* v. *Gaskins*, 181 Mass.
501, 506.

The exceptions explicitly state that the petitioner upon her
appointment filed an inventory to which no objection was made,
and that the estate has been settled substantially in accordance
with the terms of the agreement. Instead of ignoring the pro-
bate proceedings and resorting to a court of equity for specific
performance on the ground that the agreement had not been
carried out, the appellants elected to appear and contest the
allowance of the account. We treat the appeal as properly
before us.

Included in the indebtedness of the intestate was his liability
on two promissory notes made by his son, the appellant Daniel
C. Fletcher, which the widow individually was to assume and

pay. Her promise being under seal a sufficient consideration was imported. *Graham* v. *Middleby*, 185 Mass. 349. It may be assumed that it was not the purpose to enforce this liability against Titcomb, who does not appear to have been related to the decedent, but that this part of the stipulation was merely an ineffective attempt to bind him in his official capacity when appointed probate guardian, while placing this personal obligation solely on the widow. Under the agreement as between the maker and herself, no doubt the petitioner assumed payment of the notes. *Locke* v. *Homer*, 131 Mass. 93, 109. But his contention, and that of his brother, the other appellant, is, that while this has been done, inasmuch as she now credits herself as administratrix with the amount paid for this purpose, their distributive shares are thus proportionately diminished.

An examination of the account reveals that it is made up upon a fundamentally wrong basis. The administratrix should have charged herself with the assets described in the inventory, and credited herself with the securities which by reason of the agreement had been delivered to the children, who comprised the parties of the first part, and for the same reason the live stock and farming implements should have appeared as having been turned over to herself as widow, and to her minor child, or the probate guardian if one had been appointed. This would leave the remaining items which were outside the agreement to be accounted for in the usual way. If any balance in money then remained, this would be distributed in accordance with the statute of distributions. Such a form of accounting would not, of course, have included the farm, the sole ownership of which had been acquired from the other heirs by the widow and her daughter as one of the units of settlement, they taking their title upon a valuation which so far as the appellants are concerned was fully covered by the assumption of the payment of the notes and the delivery of certain certificates of stock and another outstanding promissory note for a small amount made by one of the appellants, and evidently forming a part of the assets of the estate, so that, when the parties of the first part had received the personal property to which they were entitled under the agreement, they had been paid fully the consideration for which they had deeded their interest in the real estate. But the

account filed and finally allowed, as modified by the report of the auditor, was stated upon the theory that, upon ascertaining what the several shares of each in the personal estate as a whole would have been if no settlement had been made, and showing performance of the agreement, the same result in substance would be attained.

Under the reasons of appeal so far as they appear in the exceptions, by which the scope of the appellants' contention must be determined, no objection appears to the method adopted except as we have previously stated. *Bartlett* v. *Slater*, 182 Mass. 208. The exceptions recite that "Francena M. Fletcher paid the Richards note and also took up and paid the Tuttle note and afterwards charged the Richards and Tuttle notes on the credit side of her accounts, and also charged herself with the same in item 18 in schedule A," which was the debit side of the account.

By this form of accounting the distributive shares of the appellants have been neither increased nor diminished, and for the purposes of distribution of the remainder of the estate they are left as if no statement of the performance of her individual undertaking appeared. If this part of the agreement, therefore, had been performed it was all the contesting heirs rightly could claim upon the issue raised by them, and their offer of evidence that the valuation of the farm and personal property at the death of the intestate originally was underestimated as an inducement for her assumption of this indebtedness was irrelevant, and was excluded properly.

In the contest between the parties the account as allowed by the Probate Court has been considered as a transcript of what actually was done in carrying out the settlement in conformity with its terms, and, although it should have been made up as we have said, yet as the agreement has been carried out, and the property coming to the heirs and herself delivered, this account which is said to be final in effect may be treated as if allowed after a formal decree of distribution, and in this way all that the various parties interested in the estate desired to accomplish may be treated as performed. R. L. c. 150, § 20. *Palmer* v. *Whitney*, 166 Mass. 306, 309.

*Exceptions overruled.*