FRANCENA M. FLETCHER, administratrix, *vs.* HAMMOND T.
FLETCHER.

Middlesex.    March 26, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Executor and Administrator,* Accounts, Distribution by agreement before appointment
of administrator.

By an agreement under seal among the heirs at law and next of kin of a person
who died intestate, made before the appointment of an administrator, the par-
ties agreed upon one of their number to be appointed administrator and upon a
division of the estate of the deceased.   The personal estate amounted to $10,000,
and $4,000 thereof was distributed before the administrator was appointed in
accordance with the agreement.   After the appointment of the administrator
an inventory was filed charging him with assets of the value of $10,000, and
thereafter in further performance of the agreement he distributed and dis-
bursed the remaining assets of the value of $6,000.   *Held,* that the administra-
tor's account should contain in the second schedule, which by R. L. c. 150, § 2,
should contain items showing payments, charges, losses and distributions, an
item of $4,000, representing assets which never came into his hands, and items
amounting to $6,000, representing the disbursements and distributions made
by him in accordance with the agreement, and that the account so stated should
be allowed.

APPEAL from a decree of the Probate Court for the county of
Middlesex allowing the second and final account of the plaintiff
as administratrix of the estate of Theodore C. Fletcher.

The case previously was before this court on exceptions al-
leged by the appellant at the hearing before a single justice of
an appeal from a decree of the Probate Court allowing the first
account of the administratrix, and was reported in 191 Mass.
211.    Thereafter the second and final account was filed in the
Probate Court and was allowed.    After appeal, the case was
referred to an auditor, and then was heard by *Loring,* J., who
ruled that both the first and the second accounts of the admin-
istratrix were before him for a rehearing, and found that, be-
cause before the appointment of the administratrix $6,868 of
the $10,884.96 with which the inventory charged her had been
distributed by the parties under the terms of the agreement
referred to in the opinion, Schedule B * of a first and final

---

* Schedule A of the account, hereinafter referred to, is that described as
"first" in R. L. c. 150, § 2; Schedule B is the one described as "second."

account should contain an item of $4,016.96 representing property in the inventory which never came into the hands of the administratrix ; that Schedule B also should contain items showing the distribution, made in further carrying out of the agreement, of the balance of the estate (which was capital stock in various corporations and needed the official action of the administratrix and therefore had to await her appointment), and an item of $50 paid on account of the expenses of administration, which amounted to $875.03 ; and that the case be remanded to the Probate Court for further proceedings in accordance with the decree thus to be entered. Schedules A and B of the account as thus stated by the single justice balanced.

Other facts are stated in the opinion.

The case was reported by the single justice for determination by the full court.

The case was submitted on briefs.

*A. M. Pinkham,* for the appellant.

*W. H. Brown,* for the administratrix.

BRALEY, J. In the settlement of the estate between themselves, and before the appointment of an administrator, the adult heirs at law of the intestate entered into an agreement with his widow and minor daughter, which we held upon the appellant's exceptions to be valid and binding in the former decision of *Fletcher* v. *Fletcher,* 191 Mass. 211. If it was further decided that the administratrix subsequently appointed was not relieved from accounting, the account was said to have been made up on an erroneous basis, although the result showed there had been a complete and equal division of the property. By the appeal in the present case this fundamental question is again raised in a different form.

The object of the agreement is to be ascertained from the instrument itself, by which the appellant became obligated as an heir at law to abide by the adjustment of the indebtedness of the intestate and to accept the division of his father's estate as therein provided, instead of a settlement and distribution by the Probate Court. If entered into at inception as a compromise for the mutual benefit of those interested, the only question for decision is, whether according to its terms the appellant has received his share. Having thus bound himself he cannot abro-

gate the obligation which has been fully performed, and call upon the administratrix for an accounting as if the agreement was not in existence.

It is stated in the report that before the appointment of the administratrix the parties met, and, after estimating the value of the property, performed the agreement, by the parties of the first part deeding the farm and giving a bill of sale to the widow and her minor child, who also received their share of the money and then delivered to the parties of the first part the promissory notes and a part of the shares of corporate stock enumerated as coming to them. After this partial delivery of the stock, as there remained certain shares to be formally transferred, the appellee upon her appointment was required to account only for these remaining assets. But, as all the personal property described in the agreement was inventoried, when the first and second account is stated, the appraisal should be diminished by crediting the amount of this error, namely, the difference between the value of the estate thus remaining to be administered, and the face of the inventory. The remaining stock also at the agreed valuation with the dividends so far as she has been found chargeable therefor, is to be allowed as a further credit, with a few other minor disbursements and the expenses of administration, which are found to more than offset any remaining balance.

Although not made up in this exact form, the judge finds that the statement of the receipts and payments actually rendered is correct and should be allowed as a full accounting when expressed in the form of the order for a decree appearing in the report. But if, as thus recast, it shows that the estate has been fully administered in strict conformity with the agreement, it also appears that when stated for the purpose of an equal distribution upon the basis of the agreed valuation of the personal and real property, after the outstanding debts of the intestate have been deducted, the appellant in common with the other heirs has received his full share. By whichever way the appellant goes, the agreement has been performed by the parties of the second part, and the estate fully administered. *Fletcher* v. *Fletcher*, *ubi supra:* In the forum of morals, as well as of law, he has received all that is justly due him.

The division by the heirs having substantially exhausted the assets, and left large disbursements to be personally borne by the administratrix, she should not be further burdened by the costs of a frivolous appeal.

The decree framed by the single justice is to be entered, upon being so modified as to include the costs of this appeal, which are to be paid by the appellant.

*Ordered accordingly.*