HENRY P. ROLFE *vs.* WALTER E. ATKINSON.

Essex.   December 6, 1926. — April 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction*, Accounting.  *Executor and Administrator*.  *Probate Court*, Jurisdiction.  *Equity Pleading and Practice*, Answer.  *Evidence*, Pleadings as evidence.

In a suit in equity by one of the next of kin of one who had died intestate, the plaintiff sought an adjudication that, with the defendant, he was an owner in common of a grain elevator which was personal property, and for a sale and an accounting.  It appeared that the elevator was the property of the intestate; that the plaintiff and his sister, who were sole next of kin, were administrators of the estate; that after the filing of the inventory in the Probate Court there had been no further proceedings there; that the sister as administratrix, with the plaintiff's consent, had continued to carry on the intestate's business ·at the elevator for nearly eighteen years, when she had made an assignment for the benefit of her creditors to one who sold the property and rights so assigned to the defendant.  From a final decree dismissing the suit "without prejudice," the plaintiff appealed.  *Held*, that

(1) A finding was warranted that title had not passed from the administrators to the next of kin;

(2) Title still was in the administrators and they were bound to account to the Probate Court;

(3) The plaintiff before such an accounting could not treat any part of the property as his individual property, and was not entitled to an accounting from the defendant;

(4) An allegation in the defendant's answer that the sister when she conveyed to the assignee was the absolute owner in her own right could not give the Superior Court jurisdiction, G. L. c. 231, § 87, not being applicable in the circumstances.

BILL IN EQUITY, filed in the Superior Court on August 12, 1925, and described in the opinion.

The suit was heard by *Lourie*, J.  Facts found by him are stated in the opinion.   By his order a final decree was entered dismissing the bill without prejudice.   The plaintiff appealed.

*E. E. Crawshaw*, for the plaintiff.

*D. J. Cohen*, for the defendant.

CROSBY, J.   Moses H. Rolfe died intestate on April 18, 1907.   His sole next of kin were his children, Mary A. Rolfe

and the plaintiff, and they were appointed administrators of his estate. In an inventory filed by them, a grain elevator and its fixtures were listed as a part of the personal estate. No account has been filed or decree for distribution entered in the Probate Court; and no proceedings therein appear since the filing of the inventory. The bill alleges that the plaintiff and the defendant are equal owners as tenants in common of the elevator and fixtures; and prays that a commissioner be appointed and empowered to make a sale of the property, that an accounting be had, and that a decree be entered that one half the amount realized from the sale be paid to the plaintiff. Although the elevator stands on land held by the defendant under a lease, it is assumed by the parties to be personal property.

After the death of the intestate, Mary A. Rolfe as administrator continued to carry on the grain business previously conducted by her father in the name of the estate, with the knowledge of the plaintiff, who made no objection thereto. She used the elevator and fixtures in connection with said business until March 27, 1925, when she made an assignment to one Arnold for the benefit of her creditors. The interest in the property so assigned was sold by Arnold to the defendant. It need not be determined whether G. L. c. 214, § 3, is applicable to a division or sale of personal property owned by tenants in common, as we are satisfied for the reasons hereinafter stated, that the bill cannot be maintained.

It is manifest that, upon the reported evidence and the findings of fact, the order dismissing the bill without prejudice was not erroneous. Mary A. Rolfe as administrator carried on the business until March, 1925, with the knowledge and assent of her brother, the coadministrator, and, as no account has been filed and no distribution of the estate made, it could be found that the estate is still pending in the Probate Court. The settlement of an estate of a deceased person is under the exclusive jurisdiction of the Probate Court, and title to the personal property of such person from the time of his death vests in his administrator or executor; respecting the administration of such estates a court of equity will not act. *Lawrence* v. *Wright,* 23 Pick. 128. *Greene* v. *Brown,*

180 Mass. 308. *Fletcher* v. *Fletcher*, 191 Mass. 211. *Welch* v. *Boston*, 211 Mass. 178. *S. S. Pierce Co.* v. *Fiske*, 237 Mass. 39. As the property in question belonged to the estate of the deceased and was dealt with as such from the date of his death until March, 1925, a finding was warranted that title had not passed to the next of kin. Upon the facts found the plaintiff and his coadministrator held title to the property as administrators and are bound to account for it in the Probate Court. The plaintiff cannot before such an accounting treat any part of it as his individual property, and, for that reason, cannot compel an accounting. *Green* v. *Gaskill,* 175 Mass. 265, 269.

The facts in the case at bar distinguish it from those in *Carleton* v. *Ashburnham,* 102 Mass. 348, and *Williams* v. *Acton,* 219 Mass. 520.

The defendant alleges in his answer that he purchased the elevator and fixtures from Arnold as assignee, who obtained title from Mary A. Rolfe, the latter being the absolute owner in her own right. The plaintiff contends that this allegation is an admission of title in the plaintiff under G. L. c. 231, § 87; that the defendant, by alleging that Mary A. Rolfe was the owner of the property and had been permitted by the plaintiff to hold it as her separate estate, cannot now rely on the defence that title is in the administrators. This contention is without merit. The statute provides that "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." The allegation in the answer cannot prevent the defendant from showing title in the administrators. To hold otherwise would oust the Probate Court of its jurisdiction. See *Fletcher* v. *Fletcher, supra,* at page 217. The statute is not pertinent to the issue presented at the trial.

*Decree affirmed.*