FRANKLIN W. HOBBS *vs.* CHARLES CUNNINGHAM & another.

Suffolk.   October 7, 1930. — December 20, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Insurance,* Liability: motor vehicle. *Executor and Administrator. Devise and Legacy,* Specific. *Evidence,* Materiality, Competency. *Equity Pleading and Practice,* Decree: interest; Appeal; Rescript. *Interest.*

A policy of insurance contained the following among other provisions: the insurer "hereby agrees to indemnify the Assured named in the declarations . . . and any person responsible for the operation of the named Assured's motor vehicle . . . with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of this policy by any person . . . arising out of the ownership, operation, maintenance, control or use upon the ways of said Commonwealth of such motor vehicle. . . . If the death, insolvency or bankruptcy of the Assured shall occur within the policy period, the policy during the unexpired portion of such period shall cover the legal representatives of the Insured. . . . The unqualified term 'Assured' whenever used in this Policy shall include in each instance not only the named Assured but also any other person, firm or corporation entitled to protection under the Agreements, Conditions and Declarations of this policy, and under the provisions of Chapter 346 of the Acts of 1925 of the Commonwealth of Massachusetts and all Acts amendatory thereof and supplementary thereto, but the qualified term 'named Assured' or 'Assured named in the Declarations' shall apply only to the Assured named and described as such in the Declarations." *Held,* that the language of the policy was free from ambiguity and during its term indemnified against loss not only the assured and, after his death, his personal representative so long as he had title to the vehicle, but any person operating the motor vehicle with the express or implied consent of such assured or his personal representative.

At the hearing of a bill in equity under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, to reach and apply in satisfaction of a judgment against the driver of a motor taxicab the obligation of an insurance company under a policy of automobile liability insurance, it appeared that the policy covered the year 1928; that the driver had been employed by the owner, who had died before the injuries were sustained by the plaintiff; that a will of such owner had been proved which made a specific bequest of the taxicab to one who was appointed administrator of the estate with the will annexed; that the administrator continued the driver in his employ; that the administrator went to the registry of motor vehicles to see about having

the registration of the taxicab transferred to himself as legatee, but failed to do so, nor did he, at any time before the accident which resulted in the plaintiff's injury, by bill of sale or otherwise by any overt act "manifest an intention to transfer title to the taxicab from himself as administrator to himself as legatee." *Held,* that

(1) The title to the taxicab became vested in the administrator as such upon his appointment and qualification, and remained as an asset of the estate in his hands, there having been no distribution;

(2) A mere mental determination or intention on the part of the administrator to transfer the title to himself as legatee would not be sufficient to complete such transfer;

(3) Under the provisions of the policy above described, since the plaintiff's injuries were received by the act of one operating the taxicab with the express or implied consent of the legal representative of the insured, a final decree for the plaintiff was proper.

At the hearing of the suit above described, it was proper to refuse to permit the administrator to be asked, "And you desired, as soon as you were able to do so legally, to take possession of the taxicab as owner, were you not?"

There was no error in excluding at the hearing of the suit above described, except as they affected the credibility of the administrator, answers made by him to interrogatories in another suit by the plaintiff against him, and statements made by him to an investigator in the employ of the insurer.

It *was stated,* that, upon appeal in a suit in equity, it is unnecessary in opinion or rescript of this court to insert any reference to interest: interest follows on the principal up to the date of decree after rescript from simple affirmance of the decree; the same rule applies in equity as at law.

BILL IN EQUITY against Charles Cunningham and Eagle Indemnity Company, filed in the Superior Court on June 27, 1929, and described in the opinion.

The suit was heard by *Weed,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material evidence and findings by the judge are stated in the opinion. A final decree was entered adjudging that the defendant, Cunningham, was "indebted to the plaintiff in the sum of $10,012.05 with interest from May 20, 1929, in the sum of $450.54, making a total of $10,462.59 and costs taxed as at law of $29.35, and that execution issue therefor"; that there was "due and payable to the defendant Cunningham from the defendant Eagle Indemnity Company under and by virtue of said policy the sum of $5,000"; and that "in default of the payment by the defendant Cunningham to the plaintiff

of said sums within twenty days from the entry of " the decree, the defendant insurance company should " pay the plaintiff the sum of $5,000 with interest from June 27, 1929, in the sum of $200, making a total of $5,200, and costs taxed as at law at $29.35, and that execution issue therefor." The insurance company appealed.

*F. G. Moulton,* (*G. A. Murphy* with him,) for the defendants.

*G. R. Nutter,* (*E. C. Mower, Jr.,* with him,) for the plaintiff.

CROSBY, J. This is a bill in equity brought under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, to reach and apply in satisfaction of a final judgment obtained by the plaintiff against the defendant Cunningham, the obligation of the defendant Eagle Indemnity Company (herein referred to as the defendant) under a policy of automobile liability insurance. The case was heard by a judge of the Superior Court who made certain findings of fact and ordered a final decree to be entered in favor of the plaintiff. From this decree the defendant appealed. The defendant also excepted to the denial of certain requests for rulings made by it and to the allowance of others presented by the plaintiff.

The trial judge found the following facts: on January 1, 1928, one Herbert Evans was the owner of a taxicab which was duly registered, and the defendant, under G. L. c. 90, as amended by St. 1925, c. 346, issued to him a policy of insurance. Evans died testate on June 25, 1928, and was the owner of the taxicab at the date of his death. His will was duly allowed by the Probate Court on September 25, 1928, and Michael F. O'Neill was appointed administrator with the will annexed. By his will the testator bequeathed the taxicab to O'Neill. Cunningham operated the taxicab for Evans before his death. Thereafter O'Neill took possession of it and continued its operation by Cunningham under an arrangement whereby O'Neill was to be paid sixty per cent of the gross receipts and to attend to the repairs. The same arrangement continued during the year 1928 after the death of Evans. As there was not sufficient money in

the estate to pay the debts and funeral expenses, O'Neill paid some of them from his share of the receipts from the taxicab. On November 6, 1928, the taxicab while operated by Cunningham struck and injured the plaintiff. After O'Neill's appointment as administrator he went to the registry of motor vehicles to see about having the registration of the taxicab transferred to himself as legatee, but failed to do so, nor did he at any time before the accident by bill of sale or otherwise by any overt act "manifest an intention to transfer title to the taxicab from himself as administrator to himself as legatee." The registration of the taxicab remained in Evans's name during the entire year 1928. There was no compliance with G. L. c. 140, § 65. Upon all the evidence the judge found and ruled that before the accident there had not been any definite, unequivocal and final act of transfer of the taxicab from O'Neill as administrator to himself as legatee; that it was an asset of the estate of Evans at the time of the accident, and that Cunningham was operating it with the express or implied consent of O'Neill as administrator.

The policy contained the following among other provisions: the insurer "hereby agrees to indemnify the Assured named in the declarations . . . and any person responsible for the operation of the named Assured's motor vehicle . . . with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of this policy by any person . . . arising out of the ownership, operation, maintenance, control or use upon the ways of said Commonwealth of such motor vehicle . . . . If the death, insolvency or bankruptcy of the Assured shall occur within the policy period, the policy during the unexpired portion of such period shall cover the legal representatives of the Insured. . . . The unqualified term 'Assured' whenever used in this Policy shall include in each instance not only the named Assured but also any other person, firm or corporation entitled to protection under the Agreements, Conditions and

Declarations of this Policy, and under the provisions of Chapter 346 of the Acts of 1925 of the Commonwealth of Massachusetts and all Acts amendatory thereof and supplementary thereto, but the qualified term ' named Assured ' or ' Assured named in the Declarations ' shall apply only to the Assured named and described as such in the Declarations."

The language of the policy above referred to is free from ambiguity. It indemnifies against loss not only the assured but any person operating the motor vehicle with his express or implied consent. If the title to the taxicab became vested in O'Neill as legatee before the accident, the plaintiff cannot maintain this bill. If Cunningham at the time of the accident was not operating it with the express or implied consent of O'Neill as administrator there can be no recovery. The extension of liability of the owner of a motor vehicle under the policy so as to include personal injuries caused by it while being negligently operated by his express or implied consent does not render the owner liable for damages caused by the negligence of one not his servant or agent. *Opinion of the Justices,* 251 Mass. 569, 599. *Marsal* v. *Hickey,* 225 Mass. 170. *McNeil* v. *Powers,* 266 Mass. 446.

It cannot be doubted that upon the death of Evans and the allowance of his will by the Probate Court the title to all personal property left by him passed to O'Neill as his personal representative. It has been many times decided by this court that the title to personal property owned by one who dies intestate vests in the administrator of his estate. *Lawrence* v. *Wright,* 23 Pick. 128. *Rolfe* v. *Atkinson,* 259 Mass. 76 and cases cited. When an administrator is appointed, the appointment relates back and the personal property vests in him from the date of the decease of the intestate. *Hatch* v. *Proctor,* 102 Mass. 351, 353. *Hagar* v. *Norton,* 188 Mass. 47, 49, 50. *S. S. Pierce Co.* v. *Fiske,* 237 Mass. 39, 41. Upon the appointment of an executor title to the personal property vests in him. It was said by Knowlton, C.J. in *Flynn* v. *Flynn,* 183 Mass. 365, at page 366, " The title

to all the personal property of a deceased person vests in his executor or administrator by relation from the time of his death, and no one else can maintain an action for it." *Moulton* v. *Commissioner of Corporations & Taxation,* 243 Mass. 129, 131. *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79, 82. *Rolfe* v. *Atkinson, supra.*

There seems to be no sound reason why the title in the first instance to a specific legacy of personal property should not be subject to the general rule. See *Gay, petitioner,* 5 Mass. 419; *Moulton* v. *Commissioner of Corporations & Taxation, supra;* *Hayes* v. *Hayes,* 45 N. J. Eq. 461; *Blood* v. *Kane,* 130 N. Y. 514; *Floyd* v. *Breckenridge,* 4 Bibb. 14. It follows that the title to the taxicab became vested in O'Neill as administrator upon his appointment and qualification, where it would remain as an asset of the estate until distribution. O'Neill, in order to transfer title to the taxicab, was required to act in a double capacity. If he formed merely a mental determination or intention to transfer the title to himself as legatee, that would not be sufficient.

The executor of a will who is also a trustee thereunder cannot legally transfer property from himself, as executor, to himself, as trustee, and be taxed accordingly, until the executor's account has been duly filed and allowed in the Probate Court. *Hardy* v. *Yarmouth,* 6 Allen, 277. *Welch* v. *Boston,* 211 Mass. 178, 181. *Sears* v. *Nahant,* 215 Mass. 329, 331. *Sherman* v. *Jerome,* 120 U. S. 319, 326.

An examination of the evidence does not disclose that the administrator before the date of the accident performed any open, notorious and unequivocal act to transfer title of the taxicab to himself as legatee: he did nothing to cause its registration to be changed, G. L. c. 90, § 2, as amended by St. 1924, c. 427, *Fulton* v. *Kaler,* 271 Mass. 23; and did not execute a bill of sale nor file the notice of intended sale as required by G. L. c. 140, § 65. So far as appears he failed to perform any act which would give notice to the public of a change of ownership.

In view of all the evidence, the judge was justified in finding that before the accident there had not been any definite, unequivocal or final act of transfer of the taxicab from O'Neill, as administrator, to himself, as legatee; that it was an asset of the estate of Evans at the time of the accident, and that on that date Cunningham was operating it with the express or implied consent of O'Neill as administrator of the estate of Evans. It also appears that as administrator he continued its operation by Cunningham and received a portion of the proceeds therefrom which he used toward the payment of debts of the estate; and that these debts were not fully paid until late in December, 1928. It could have been found upon the evidence and the reasonable inferences to be drawn therefrom that the taxicab remained as an asset of the estate at least until the debts had been paid.

On cross-examination of O'Neill by counsel for the insurer, he was asked " And you desired, as soon as you were able to do so legally, to take possession of the taxicab as owner, were you not? " The question was excluded subject to the exception of the insurer. It was rightly excluded as immaterial. The desire of the witness could have no bearing upon the issue whether title to the car remained in the estate or had passed to O'Neill as legatee.

The insurer offered, as affirmative evidence of the transfer of the title from the estate to O'Neill as legatee, certain answers to interrogatories in another suit brought by this plaintiff against O'Neill as administrator, and statements made by O'Neill to an investigator in the employ of the insurer. This evidence was excluded except as it might affect the credibility of O'Neill. There was no error in the manner in which it was dealt with. Apart from the purpose for which it was admitted, it was mere hearsay. *McNiff* v. *Boston Elevated Railway,* 234 Mass. 252, 254.

The exceptions of the defendant to the refusal by the judge to grant certain rulings requested by it and to the allowance of certain requests of the plaintiff need not

be considered in detail. An examination of them discloses no error of law. The entire evidence is printed in the record and it appears from it that the case was fully and fairly tried and the rights of all parties were duly protected.

It is unnecessary in opinion or rescript to insert any reference to interest. Interest follows on the principal up to the date of decree after rescript from simple affirmance of the decree. The same rule applies in equity as at law. G. L. c. 235, § 8; St. 1924, c. 38. *East Tennessee Land Co.* v. *Leeson,* 185 Mass. 4. *Sherwood* v. *Warren,* 255 Mass. 206, 211. See *Jackson* v. *Brockton,* 182 Mass. 26, 27.

*Decree affirmed with costs.*