## ELLIS v. STEVENS et al.
### No. 1012.

District Court, D. Massachusetts.
March 3, 1941.

Francis N. Balch, of Boston, Mass., for plaintiff.

Samuel H. Batchelder, Albert B. Carey, and Peabody, Arnold, Batchelder & Luther, all of Boston, Mass., for defendant Fidelity & Deposit Co. of Maryland.

Frank H. Stevens, of Boston, Mass., pro se.

Philip R. White and Hutchins & Wheeler, all of Boston, Mass., for defendant American Surety Company of New York.

Thompson & Twomey, Hubert C. Thompson, and Jarlath M. Slattery, all of Boston, Mass., for defendant Globe Indemnity Co. and another.

Asa S. Allen and Willard, Allen & Mulkern, all of Boston, Mass., for defendant Aetna Casualty & Surety Co.

Albert R. MacKusick, of Boston, Mass., pro se.

BREWSTER, District Judge.

This civil action, entitled a "Complaint for Accounting", is brought against three individuals and four corporations, the corporate defendants being sureties on the several probate bonds of the individual defendants. · All defendants have filed and are pressing motions to dismiss, identical in form and substance. The motions are predicated upon two grounds (1) Lack of jurisdiction over the subject-matter; and (2) Failure to state a claim entitling plaintiff to relief. The motions were heard upon the allegations of the bill and affidavits filed by the several defendants in support of the motions to dismiss. These affidavits consisted largely of duly authenticated copies of proceedings in the Probate Court for Middlesex County. Diversity of citizenship and jurisdictional amount are alleged.

The plaintiff has questioned the propriety of giving consideration to the affidavits filed by defendants, notwithstanding that· the brief filed in her behalf deals with facts not alleged in her complaint or even supported by affidavit. The authorities are divided on the question whether, in passing upon a motion to dismiss for failure to state a claim, the court may go outside of the complaint. I am inclined to hold that a motion under the provisions of Rule 12 (b) (6), Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is something more than a demurrer or motion to dismiss under old Equity Rule 29, 28 U.S.C.A. Appendix § 723. This view is shared by good authority. See footnotes by Judge Clark in Palmer v. Palmer, D.C., 31 F. Supp. 861; Alabama Independent Service Station Ass'n, Inc. v. Shell Petroleum Corp., D.C., 28 F.Supp. 386; Moore's Federal Practice, Vol. 1, Sec. 12.03; Massaro v. Fisk Rubber Corp., D.C.Mass. Jan. 10, 1941, 36 F.Supp. 382.

I do not go so far as to hold that a matter of defense to the merits may be presented by a motion to dismiss for lack of a claim stated. I can agree that the allegations of the complaint, so far as they go, must be taken as true; but when, as in this case, the complaint is loosely drawn, with vague and indefinite allegation, and when the question is whether, on the complaint, the plaintiff is entitled to relief in this court, I am convinced that recourse to undisputed facts established by affidavit may be had in order to elucidate the allegations of the complaint. I find no authority opposed to the view that a motion to dismiss for lack of jurisdiction over the subject-matter may not properly be supported by affidavit. See Rule 43(e) of Federal Rules of Civil Procedure.

Furthermore, in the case at bar it is necessary to read the complaint in the light of the laws of Massachusetts in order to understand its purport. Thus read, the allegations as to Stevens are that George H. Shapley died testate in Newton, in the County of Middlesex, Massachusetts, leaving a widow Sarah C. Shapley. This will was duly admitted to probate in the Probate Court for the County of Middlesex, the court established by the statutes of Massachusetts having jurisdiction over the probate of the estates of deceased persons. Mass.G.L.(Ter.Ed.) ch. 215, § 3.

The widow waived the provisions of the will according to § 15, ch. 191 of Mass. G.L.(Ter.Ed.), thereby becoming entitled to $10,000 out of the estate and a life income in the excess above that amount of the share to which she would have been entitled had the testator died intestate.

Stevens was duly appointed administrator de bonis non with will annexed.

On March 31, 1913, he gave a bond in the form required by the statutes of Massachusetts, with the defendant American Surety Company as surety. In this bond the judge of probate was named as obligee.

The plaintiff is a sister and next of kin of the widow Sarah C. Shapley. She was in no way related to the testator and had no interest in his estate. Stevens is charged with failing to pay the widow all of the $10,000 and with having illegally paid income to the defendant MacKusick, as trustee. The plaintiff avers that she is entitled to an accounting to her from this defendant for sums illegally withheld, and that the defendant American Surety Company is liable to her, as heir and next of kin of her late sister.

The complaint must be dismissed as to the defendant Stevens for several

reasons, the principal reason being that the court is without jurisdiction to entertain a complaint for an accounting. The long-established rule is that an accounting by an administrator, or executor, is exclusively a matter for the probate court having jurisdiction over the estate. Probate of estates of deceased persons is regarded as being in the nature of a proceeding in rem, wholly statutory and exclusively within the province of the tribunal set up by the state for dealing with matters of probate. The federal courts, therefore, are without jurisdiction to interfere with the decrees of the probate court. Case of Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; O'Callaghan v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Wells v. Helms, 10 Cir., 105 F.2d 402; Carstensen v. United States Fidelity & Guaranty Co., 9 Cir., 27 F.2d 11.

The Federal court has entertained independent suits inter partes brought to set aside the probate of a will, or to establish a right to participate in an estate if, under the laws of the state, a state court may take cognizance of such suits. Sutton v. English, supra; O'Callaghan v. O'Brien, supra.

This exception to the rule cannot be given application because (1) the Massachusetts courts of general equity jurisdiction other than probate courts do not have such authority, Moyer v. Bray, 227 Mass. 303, 116 N.E. 511; Allen v. Hunt, 213 Mass. 276, 100 N.E. 552; Green v. Gaskill, 175 Mass. 265, 56 N.E. 560; Greene v. Brown, 180 Mass. 308, 62 N.E. 374; Holmes v. Holmes, 194 Mass. 552, 80 N.E. 614; and (2) because the exception, so far as I am able to discover, has never been extended to jurisdiction over a strictly probate proceeding, such as an accounting.

In the Waterman case [215 U.S. 33, 30 S.Ct. 13, 54 L.Ed. 80], cited above, the court, speaking through Mr. Justice Day, observed:

"In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the matter; for it is the result of the cases that, in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with."

The above ground for dismissal is apparent from the complaint, without reference to affidavits. If these are considered, and I rule that they may be for a limited purpose, another ground for dismissal is equally clear. The defendant Stevens rendered to the probate court six accounts of his administration covering the period from the day of his appointment to May 20, 1920. These accounts, after due notice to all interested parties and a hearing, were allowed. The sixth and final account was allowed by decree of the probate court, dated November 17, 1920. The allowance of this final account, showing no estate of the testator remaining in his hands to be administered, when allowed by the court became res adjudicata, and cannot be collaterally attacked by suit in the federal court. Christianson v. King County, 239 U.S. 356, 365, 36 S.Ct. 114, 60 L.Ed. 327; Montgomery v. Gilbert, 9 Cir., 77 F.2d 39; Wells v. Helms, supra; Clarke v. Andover, 207 Mass. 91, 92 N.E. 1013; Allen v. Puritan Trust Co., 211 Mass. 409, 97 N.E. 916, L.R.A.1915C, 518.

And the order of the court settling the account of the administrator is conclusive, not only upon the administrator but upon his surety. In re McDonald's Estate, D.C., 42 F.2d 266; Knowles v. Perkins, 274 Mass. 27, 174 N.E. 221; Mass. G.L.(Ter.Ed.) ch. 206, § 23.

With respect to the defendant American Surety Company, a still further ground appears for a dismissal of the suit as to this defendant. It is that the bond runs to a judge of the probate court and the probate laws govern suits to enforce the surety's liability. See Mass. G.L. (Ter.Ed.) ch. 205, §§ 22 and 23. The plaintiff has made no attempt to comply with these statutes.

Furthermore, if this court has jurisdiction, the plaintiff has no standing to call for an accounting from Stevens. He was accountable for the administration of the estate to Sarah C. Shapley or her legal representatives, and not to the plaintiff. Stuck v. Schumm, 290 Mass. 159, 194 N.E. 895; Hobbs v. Cunningham, 273 Mass. 529, 174 N.E. 181; Flynn v. Flynn, 183 Mass. 365, 67 N.E. 314.

492

Assuming that the Massachusetts statute, G.L.(Ter.Ed.) ch. 230, § 5, could be invoked by the plaintiff to enforce a claim in favor of the estate of her deceased sister, there is no attempt to bring the allegations of her complaint within the statute.

What has been said regarding the right of the plaintiff to proceed against Stevens and his surety is equally true as to the defendant MacKusick, as trustee, and the defendant Green, as guardian and their respective sureties.

MacKusick was appointed trustee by the probate court under § 16, ch. 191, Mass. G.L.(Ter.Ed.) to hold, during the lifetime of the widow, the personal property the income of which she was to receive. The plaintiff alleges that MacKusick received certain sums of money from the defendant Stevens, which were somewhat less than the amounts Stevens claimed to have turned over to MacKusick, and that during the lifetime of the widow he received income which was illegally paid over to the defendant Green instead of to the widow who was entitled to receive it, and further, that this defendant, as trustee, received sums of money and articles of personal property for which he never accounted.

Under the statute, under which MacKusick was appointed trustee, he was accountable to the widow for only the income which came into his hands as trustee. Any claim which could be made to this income would need to be made by Sarah C. Shapley or her legal representatives, and again, there is no attempt to bring the case within the Massachusetts statute, above referred to, permitting suit by an heir to enforce a claim in favor of an estate. Also, the accounting is strictly and exclusively a probate matter, which does not come within the equity jurisdiction of the Federal court.

Referring to the affidavit, it appears that Green was guardian of Sarah C. Shapley and, as such, entitled to receive the income from MacKusick during the lifetime of his ward. MacKusick rendered several accounts as trustee, and on February 13, 1932, a decree was entered disallowing certain items and allowing all others. The trustee was charged with a stated amount of cash in lieu of the items disallowed, and on August 18, 1932, a second final account was presented showing no estate in his hands, and the account was duly allowed by the decree of the probate court on the same day. This decree would also operate as res adjudicata in this suit and would prevent recovery from either the defendant MacKusick or his surety Fidelity & Deposit Company.

The allegations involving Green, as guardian of Sarah C. Shapley, are that he received money for which he failed to account. From the records of the probate court, it appears that Green was appointed temporary guardian of Sarah C. Shapley, an insane person, December 16, 1931. That his first and final account as such guardian was filed, showing that the balance of the property in his hands had been turned over to himself as special administrator of Sarah C. Shapley, who had deceased. This final account, after notice to all interested parties, was by decree of the court allowed November 29, 1932. All impediments in the way of the actions against Stevens, as administrator, and MacKusick, as trustee, and their sureties, confront the plaintiff's suit against the guardian and the defendant Aetna Casualty & Surety Company, surety on his guardian bond. There is no need to reiterate these insurmountable difficulties.

Plaintiff has also alleged that Green, as attorney-in-fact, received money for which he failed to account. Obviously, no surety company could be held for Green's shortcomings as attorney-in-fact. The plaintiff has again fallen into error in claiming a right to recover such money in an independent suit inter partes. Any claim against Green would belong to the estate of Sarah C. Shapley and, as has been already shown, no rights accrue to the plaintiff as heir and next of kin except those enforceable through probate proceedings.

Finally, the plaintiff alleges that the defendant Green, as administrator of the estate of the deceased widow, received income from MacKusick, the trustee; a distributive share in another estate and valuable jewelry and personal effects for which he failed to account. He also is charged with failure to take over real estate left by George H. Shapley. But since her interest was only a life interest, it is difficult to discover the significance of this allegation. The records of the probate court disclose that the estate, other than income due from MacKusick, was appraised for only $1,352.10. Two accounts were filed by Green, as adminis-

trator. The first showed small distributive shares going to plaintiff and her sister as next of kin of the intestate. The second account showed payments to the plaintiff and her sister of their respective shares in the estate and that no estate remained to be administered. The accountant requested the court to adjudicate and determine the items of the account. See G.L.(Ter.Ed.) c. 206, § 24, before amendment of 1938. These accounts were allowed by the probate court by decree dated February 1, 1937. This decree, entered upon the final account, read in part as follows:

"The foregoing account together with the first account, having been presented for allowance, and verified by the oath of the accountant, and all persons interested having appeared by counsel, and objections being made thereto, and a hearing had thereon, and the same having been examined and considered by the Court:

"It is decreed that said accounts be allowed and that the items thereof be finally determined and adjudicated."

In November, 1932, a written power of attorney from the plaintiff to Walter C. Brownell was filed in probate court. By this instrument the attorney was empowered to represent the plaintiff in all matters connected with the estate of her deceased sister, and especially acting for her in all matters connected with, or arising out of, the causes now pending in the Middlesex Probate Court as follows:

Estate of George H. Shapley of Newton, Sarah C. Shapley, guardian for insane, and the estate of Sarah C. Shapley of Newton, granting to said Brownell full power and authority to act concerning the premises as fully and effectively as the plaintiff might do if personally present. This attorney appeared in the proceedings on the accounting and waived notice and appeal. Since the accounts were allowed over objections, it is evident that the plaintiff had her day in a court of competent jurisdiction. A revocation of this power of attorney was not filed until May 3, 1937.

Furthermore, the statutes of Massachusetts, G.L.(Ter.Ed.) ch. 206, §§ 23 and 24, provide that if an account is allowed, the administrator and his surety are forever exonerated and that the decree of allowance shall not be impeached except for fraud or manifest error. See Palmer v. Whitney, 166 Mass. 306, 44 N.E. 229. There are no allegations of fraud in the complaint. Plaintiff's attorney at the hearing indicated a desire to amend by introducing allegations of fraud, although he then disclaimed any intention of proving that Stevens had been guilty of any fraudulent acts. If such an amendment would remove the obstacle to plaintiff's right to proceed in this court, there might be some justification for considering a motion to amend, but obviously the allegations of fraud would not extend the jurisdiction of this court. It has been said that under the amendment, section 24 of chapter 206 (Acts of 1938, ch. 154, § 1), impeachment of a decree of the probate court must be by petition to reopen the case and modify the original decree in the probate court. XXV Mass.Law Quarterly, No. 3, page 16.

This court, as has already been shown, is without jurisdiction even in equity, to entertain an action which contemplates reopening, reviewing and revising final decrees of the probate court upon an account rendered. It may also be noted that the decrees which this court is now asked to revise were entered, in the case of Stevens, twenty years ago, and, in the case of MacKusick and Green, guardian, eight years ago.

The motions of the several defendants to dismiss are allowed, and the action is dismissed for lack of jurisdiction over the subject matter.