*Northern District*

No. 4657

## ALICE H. MARSH, ADMINISTRATRIX OF THE ESTATE OF JOSEPH N. MARSH

v.

## HARRY LIPNOSKY

(June 15, 1953)

*Cavan, J.* In this action of tort, the plaintiff seeks to recover property damage, which she alleges was caused by the negligence of the defendant in the operation of a motor vehicle. The answer is a general denial, contributory negligence, violation of law, illegal registration and the statute of limitations.

The plaintiff was appointed administratrix of the estate of Joseph N. Marsh, May 2, 1940. In 1948, she, as administratrix, purchased an automobile with funds of the estate and by trading in an older vehicle which belonged to the estate. During the year 1951, this automobile was registered in Massachusetts, in the name of Alice H. Marsh, Administratrix of the Estate of Joseph N. Marsh. While said automobile was in possession of and driven by Janice Shepherd, December 13, 1951, it was damaged in collision with a motor vehicle owned and operated by the defendant.

No further evidence was reported, except that the plaintiff operated said automobile and was in possession of it from 1948 to and including the date

of trial, but for occasions when she loaned it to her children.

At the trial, two questions, put to the plaintiff in direct examination, were excluded upon objections by the defendant. They were as follows: "What, in your opinion, was the fair market value of the car prior to the accident?" and "What, in your opinion, was the fair market value of the car after the accident and before any repairs were made?" Requests were duly made that these rulings be reported.

The plaintiff seasonably filed eleven requests for rulings. Those numbered 1, 3, 4, 5, 8, 9 and 10 were granted. Requests numbered 2, 6, 7 and 11 were denied.

The trial judge found for the defendant, after finding as a fact that the automobile of the plaintiff was illegally registered and constituted a nuisance on the highway.

The plaintiff claims to be aggrieved by the exclusion of said questions and by the denial of her requests numbered 2, 6, 7 and 11.

Requests numbered 7 and 11 pertain to the exclusion of said questions, and are as follows:

7. The plaintiff as administratrix of the Estate of Joseph N. Marsh and the one in possession and control of the motor vehicle, which was registered in the name of the estate, and familiar with its characteristics is qualified to testify as to its value.

11. The plaintiff as administratrix of the Estate of Joseph N. Marsh, although not the owner of the automobile personally, still could express an opinion of its value before and after the collision since she was the person in possession and control of the automobile and familiar with its characteristics.

These requests were rightly denied for they *assume disputed facts*, instead of stating them hypothetically, and, thereby ask an implied finding of facts which

the judge is not required to make. *Liberatore v. Framingham,* 315 Mass. 538, 543.

That the judge correctly instructed himself as to the rule governing the admission of said questions is shown by his granting the following plaintiff's requests for rulings:

8. The rule which permits the owner or the person in possession and control of real and personal property to testify as to its value does not rest upon the fact that the person holds the legal title. It is the familiarity, knowledge and experience, not the holding of title, which qualifies her to testify as to its value.

9. Persons not owners but sufficiently familiar with the property in controversy may testify and express an opinion upon its value though they are not regarded as experts.

10. The Test to be applied as to whether or not a person is qualified to give an opinion on the value of property is not based solely on ownership. *Menici v. Orton Crane and Shovel Co.,* 285 Mass. 499.

It must be presumed that, in excluding said questions, the judge found that the plaintiff was not sufficiently familiar with said automobile to give opinion of value, and such ruling on fact is final and conclusive. *Foster v. Mackay,* 7 Met. 531, 537-538.

The following plaintiff's request was denied:

2. That on all the evidence a finding for the plaintiff is required because:

A. The defendant failed to use that degree of care his death vests in his administrator or executor". *Rolfe v. Atkinson,* 259 Mass. 76, 77 and cc.

The plaintiff administratrix had the right to apply and did apply for Massachusetts registration of this automobile for the year 1951. It was so registered in the name of Alice H. Marsh, Administratrix of the estate of Joseph N. Marsh on December 13, 1951, the date of the accident, and a finding that it was

legally registered on said date is the only conclusion which, as a matter of law, can be reached.

The lnding for the defendant is to be vacated and a new trial ordered.

Attorney for the Plaintiff: Morrison, Mahoney & Pearlman.

No brief or argument for Defendant.